UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ARIZONA HALL, JR., | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-2038 ACL |
| | ) |
| UNITED STATES GOVERNMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on review of plaintiff's complaint under 28 U.S.C. § 1915(e). Having reviewed the complaint, the Court finds it is subject to dismissal.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Discussion

Plaintiff alleges that defendants, who are judges, court officers, state prosecutors, defense attorneys, the United States Government, the State of Missouri, and the City of St. Louis, conspired to convict him of second-degree domestic assault and four counts of unlawful possession of a firearm because they are white and he is black. *See Missouri v. Hall*, No. 0922-CR01820-01 (City of St. Louis) (assault); *Missouri v. Hall*, No. 1022-CR04975-01 (firearms). Plaintiff further argues that defendants failed to overturn his state court convictions because they engaged in a conspiracy with the Missouri State Court judges who convicted him of his felonious offenses. Plaintiff's claims are entirely conclusory and are unsupported by facts.

Plaintiff attempts to sue entities and persons who cannot be held liable under § 1983 or *Bivens*.[1] *See Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (judicial immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) (prosecutorial immunity); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (action against State barred by sovereign immunity).[2] Moreover, private actors, such as defense attorneys, are not subject to § 1983 liability.

Additionally, a plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

[2] Additionally, a plaintiff may not directly sue the United States Government pursuant to the doctrine of sovereign immunity. Plaintiff's sole remedy is under the Federal Tort Claims Act ("FTCA") in order to bring an action against the United States. *See Sullivan v. United States*, 21 F.3d 198, 203 (7th Cir.1994). Plaintiff, however, does not allege that he presented his claim against an agency of the United States and that the claim was denied, a prerequisite to filing suit under the FTCA. *See* 28 U.S.C. § 2675(a); *Farmer's State Sav. Bank v. Farmers Home Admin.*, 866 F.2d 276, 277 (8th Cir. 1989).

writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Plaintiff is attempting to call into question the validity of both of his state convictions. Plaintiff has already attempted to attack his state convictions in this Court through habeas corpus actions, brought pursuant to 28 U.S.C. § 2254, as well as 42 U.S.C. § 1983.[3] As such, his claims are *Heck*-barred.

Finally, a complaint may be dismissed as malicious where it "was not [intended] to rectify any cognizable harm, but only to harass and disparage" the defendants. *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir.1999) (dismissing complaint against judges and federal prosecutor who obtained conviction against the plaintiff as frivolous and malicious). In this case, it is clear from the tone and the nature of the allegations that plaintiff is intending to vex and disparage both the defendants and the Court. Therefore, this action is malicious, and it will be dismissed with prejudice.[4]

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice.

---

[3]*See Hall v. State of Missouri*, No. 4:16-CV-291 CDP (E.D.Mo.) (claims brought pursuant to 42 U.S.C. § 1983); *Hall v. Koster*, No. 4:16-CV-1528 AGF (E.D.Mo.) (claims brought against assault conviction pursuant to 28 U.S.C. § 2254); *Hall v. Hawley*, 4:16-CV-1739 CDP (E.D.Mo) (claims brought against firearms convictions pursuant to 28 U.S.C. § 2254).
[4]This is the second time plaintiff has brought such a case in this Court with the intention to harass the Judges who have previously ruled against him. *See Hall v. State of Missouri*, No. 4:16-CV-291 CDP (E.D.Mo).

3

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

An Order of Dismissal will be filed forthwith.

Dated this 10th day of December, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE